**GALLAGHER et al. v. CARROLL et al.**
No. 8.

District Court, E. D. New York.
May 19, 1939.

Harold Halpern, of New York City, for plaintiffs.

James E. Turner, of Brooklyn, N. Y. (Joseph F. O'Brien, of New York City, of

counsel), for defendant Lawrence P. Carroll.

BYERS, District Judge.

This is a motion to strike the second and third separate and complete defenses contained in the answer in an action to recover damages for personal injuries, said to have been suffered by the plaintiff Francis J. Gallagher on October 3, 1936, in the State of Pennsylvania, as the result of a collision of motor vehicles.

The plaintiff James Gallagher is the father of Francis, who was an infant when the accident happened but apparently has since become of age.

The second defense to which the motion is directed alleges the pendency of a prior action in the State of Maryland but, as one of the defendants in that cause is a corporation, it was conceded at argument that the defense is legally insufficient, and the motion to strike it is therefore granted.

The third defense pleads the 2-year statute of limitations of Pennsylvania, where the cause of action arose. The allegation is in part "that this action is barred by the limitation contained and provided in the aforesaid statute".

The complaint was filed in the office of the Clerk of this Court on October 1, 1938, and apparently on the following day the summons and complaint were delivered to the marshal, who later returned the papers non est because the defendant Lawrence P. Carroll was then ill and confined to a hospital in the State of New Jersey. The defendant Michael was never served.

An alias was procured and service upon the defendant Carroll was made personally on January 18, 1939, within this district.

The question for decision as to the third defense is whether the action was commenced so as to avoid the bar of the Pennsylvania statute of limitations.

The defendant asserts that the failure to begin this action by the service of a summons prior to the expiration of the said period of limitation defeats the plaintiffs' cause, and relies upon the New York Civil Practice Act, Section 218, which provides that a civil action is commenced by the service of a summons. Federal Civil Procedure Rule 3, 28 U.S.C.A. following section 723c, reads: "Commencement of Action. A civil action is commenced by filing a complaint with the court."

Thus is presented the question discussed at the Institute on Federal Rules conducted under the auspices of the American Bar Association in Cleveland, commencing July 21, 1938. Comments will be found at pages 183 and 202 and 203 of the edition of the Rules containing the proceedings of the Institute.

The subject is interestingly discussed in Volume 1 of Moore's Federal Practice at pages 240–245, and a helpful comment will be found in 51 Harvard Law Review at page 1087.

In the first place, it is to be observed that the statute of Pennsylvania contains no provision concerning the method of commencing suit. The applicable portion is (1895, June 24, P.L. 236):

"Section 2 [§ 34]. Every suit hereafter brought to recover damages for injury wrongfully done to a person, in cases where the injury does not result in death, must be brought within two years from the time when the injury was done and not afterwards; in cases where the injury does result in death the limitation of action shall remain as now established by law." 12 P.S.Pa. § 34.

That the applicable period is two years, and not three which would be the case if the alleged injury had occurred in the State of New York (Civil Practice Act, Section 49, Paragraph 6), follows from Section 13 thereof, which reads:

"§ 13. Limitation in action arising outside of the state. Where a cause of action arises outside of this state, an action cannot be brought in a court of this state to enforce such cause of action after the expiration of the time limited by the laws of a state or country where the cause of action arose, for bringing an action upon such cause of action, except where the cause of action originally accrued in favor of a resident of this state."

According to this complaint, both of the plaintiffs are residents of Wilmington, Delaware.

By Section 17 of the Civil Practice Act, an attempt to commence an action is the equivalent of the commencement when the summons is delivered to the sheriff with the intent that it shall be served; provided such delivery is followed within sixty days by actual personal service or by publication, as the case may be.

Since the service of this summons and complaint was not made on October 2,

1938, nor within 60 days thereafter, this decision must squarely turn upon the efficacy of Rule 3 of the Federal Rules of Civil Procedure to establish the commencement of the action.

The language of the Rule is too plain to admit of discussion or to leave any doubt that it was the purpose of the Supreme Court in reporting the Rules to Congress, and of the latter in sanctioning them, that an action should be deemed to have been commenced by the filing of the complaint; the issuance of the summons to the marshal was the required ministerial act of the Clerk; on October 2, 1938, everything had been done which the Rules contemplated, to effectuate the commencement of this action and, as that should be deemed, for the purposes of this motion, purely a question of procedure, no reason is seen for holding that the question should be determined according to the provisions of the Civil Practice Act of the State of New York rather than the Federal Rules of Civil Procedure.

Erie Railroad Co. v. Tompkins, 304 U.S. 64, 58 S.Ct. 817, 82 L.Ed. 1188, 114 A.L.R. 1487, was decided on April 25, 1938, after the Rules had been reported to Congress and, while that case is cited by the defendant, it is not believed to affect the decision of this motion, since it deals with the requirement resting upon the federal courts to follow the state decisions in questions of substantive law.

If the Pennsylvania statute upon which the defendant relies contained a provision with respect to the method to be pursued in commencing suit, that requirement might be deemed to be so interwoven with the limitation itself as to invite more extended consideration of the subject than is now deemed to be necessary. Cf. Fearing v. Glenn, 2 Cir., 73 F. 116.

Nor is it intended to indicate whether, in the presence of a conflict concerning the applicable period of limitation, the decision of the motion should turn upon whether the New York or the Pennsylvania statute should be held to govern, in view of the provision above quoted from Section 13 of the Civil Practice Act of New York.

The commencement of the plaintiffs' action in this court was controlled by the provisions of Federal Civil Procedure Rule No. 3, and the action was commenced within two years from the date of injury, and consequently the Pennsylvania two-year statute of limitation is not a defense, and the plaintiffs' motion to strike the third separate defense from the answer must be granted.

Settle order.