**SCHRAM v. COSTELLO et al.**

**No. 998.**

District Court, E. D. Michigan, S. D.

Dec. 3, 1940.

Robert S. Marx, Carl Runge, Lawrence I. Levi, and Orville J. Thill, all of Detroit, Mich., for plaintiff.

Clayton C. Purdy, of Detroit, Mich., for defendant Purdy.

Lawhead & Kenney, of Detroit, Mich., for defendant Staub.

LEDERLE, District Judge.

1. First National Bank-Detroit is a national banking association, of Detroit, Michigan.

2. Said bank closed its doors in the usual course of business at 12 o'clock noon Eastern Standard Time on February 11, 1933, and never thereafter reopened for normal banking business. The Comptroller of the Currency of the United States appointed a conservator for said bank on March 13, 1933, which continued until May 11, 1933, when the said Comptroller, having found and declared said bank to be insolvent, appointed a receiver therefor, and the said bank has continuously been, since that time, in the hands of a receiver appointed by the Comptroller of the Currency of the United States, and plaintiff is at this time the duly appointed, qualified and acting receiver of said bank.

3. On May 16, 1933, the Comptroller of the Currency duly levied a 100 per cent. assessment against the shareholders of said First National Bank-Detroit, and made the same payable July 31, 1933.

4. In the class or representative suit of Barbour v. Thomas, D.C., 7 F.Supp. 271, affirmed 6 Cir., 86 F.2d 510, certiorari denied 300 U.S. 670, 57 S.Ct. 513, 81 L.Ed. 877, this court found, determined and decreed that the stockholders of Detroit Bankers Company, a Michigan corporation, were liable for the aforesaid assessment levied by the Comptroller of the Currency against shareholders of First National Bank-Detroit, to the extent of $14.055775 per share of Detroit Bankers Company stock.

5. At the time of the closing of said bank and at the time of the levying of said assessment, the defendant Clayton C. Purdy was the registered owner of 30 shares of the capital stock of said Detroit Bankers Company, which gave rise to a principal assessment of $421.67.

6. At the time of the closing of said bank and at the time of the levying of said assessment, the defendant Elmer E. Staub was the registered owner of 40 shares of the capital stock of said Detroit Bankers Company, which gave rise to a principal assessment of $562.23.

7. At the time of the hearing of this case on November 7, 1940, the amount of the assessment chargeable to said Clayton C. Purdy, less payments made thereon, and including interest to such date, was $502.41.

8. At the time of the hearing of this case on November 7, 1940, the amount of the assessment chargeable to said Elmer E. Staub, including interest to such date, was $766.70.

9. This suit was commenced by the filing of a complaint and issuance of summons and delivery thereof to the United States Marshal on or about April 18, 1939, and the defendants Clayton C. Purdy and Elmer E. Staub were served on July 13, 1939, and July 12, 1939, respectively.

10. Prior to the time of the closing of said bank defendant and third party plaintiff, Elmer E. Staub, being the owner of 40 shares of stock of said Detroit Bankers Company, represented by certificates No. 051053, No. 051054, No. 046649 and No. 046650, for 10 shares each, sold for a valid consideration 20 of such shares to the third party defendant Rebecca E. Zackheim, and 20 of such shares to the third party defendant Clare P. Bryant.

11. At the time of the closing of said bank and at the time of the levying of said assessment, said third party defendants were the actual and legal owners of 20 shares each of said Detroit Bankers Company stock, although each of said third party defendants had failed to cause said shares of stock to be registered in their respective names, but which ownership gave rise to the liability of said third party defendants to the defendant and third party plaintiff for such assessment as has been made against him as aforesaid.

12. That neither of said third party defendants has entered an appearance or filed an answer to the third party complaint served upon them herein, and their defaults have been duly entered herein.

Conclusions of Law.

1. This is an action in connection with the winding up of the affairs of a national banking association, over which this court has jurisdiction. 28 U.S.C.A. § 41(16).

2. The assessment by the Comptroller of the Currency was levied on May 16, 1933, and made payable July 31, 1933, and, therefore, the statute of limitations started to run at the close of business on July 31, 1933. Barbour v. Thomas, 6 Cir., 86 F.2d 510, supra; Strasburger v. Schram, 68 App.D.C. 87, 93 F.2d 246; MacPherson v. Schram, 5 Cir., 112 F.2d 674.

3. The filing of the complaint with the clerk of this court, the issuance of summons and delivery thereof to the United States Marshal for service, tolled the operation of the statute of limitations as of April 18, 1939, which was less than six years subsequent to the accrual of plaintiff's cause of action. Rule 3, Rules of Civil Procedure for District Courts, 28 U.S.C.A. following section 723c; Gallagher v. Carroll, D.C., 27 F.Supp. 568; Sec. 13976, Michigan Compiled Laws, 1929.

4. As registered stockholders of Detroit Bankers Company, the defendants Purdy and Staub are liable to the plaintiff on account of the assessment levied as aforesaid, together with interest at 5 per cent. per annum from July 31, 1933. Barbour v. Thomas, supra.

5. The third party defendants, Rebecca E. Zackheim and Clare P. Bryant, are liable over to the defendant and third party plaintiff, Elmer E. Staub, for the amount he is liable to the plaintiff in this cause on account of the said assessment levied against said shares of stock. 12 U.S.C.A. § 64.

6. Judgments shall be entered herein as follows:

I. In favor of plaintiff and against defendant Clayton C. Purdy in the amount of $502.41 (which includes interest to November 7, 1940), with costs of $9.87, and against defendant Elmer E. Staub in the amount of $766.70 (which includes interest to November 7, 1940), with costs of $9.87, for which execution may issue.

II. In favor of defendant and third party plaintiff, Elmer E. Staub, as follows:

(a) Against third party defendant Rebecca E. Zackheim in the amount of $383.-35 (which includes interest to November 7, 1940), with costs of $3.39, for which execution may issue; and

(b) Against third party defendant Clare P. Bryant in the amount of $383.35 (which includes interest to November 7, 1940), with costs of $3.39, for which execution may issue.