## HACKNER et al. v. GUARANTY TRUST CO. OF NEW YORK et al.

### No. 125.

Circuit Court of Appeals, Second Circuit.

Jan. 13, 1941.

Meyer Abrams, of Chicago, Ill. (Bennett I. Schlessel, of New York City, and Shulman, Shulman & Abrams, of Chicago, Ill., on the brief), for plaintiffs-appellants.

Ralph M. Carson, of New York City (Davis, Polk, Wardwell, Gardiner & Reed and Francis W. Phillips, all of New York City, on the brief), for defendants-appellees.

Before SWAN, AUGUSTUS N. HAND, and CLARK, Circuit Judges.

CLARK, Circuit Judge.

The following in substance are the allegations of the complaint. Each of the parties plaintiff was at one time a holder of one or more of a $30,000,000 issue of Five Year 6 per cent Gold Notes of the Van Sweringen Corporation—Hackner in the amount of $1,000; Bowman, $5,000; and Ballinger, $1,500. According to the terms of a Trust Indenture executed by the Corporation and defendant Guaranty Trust Company as trustee, a large amount of assets were retained unencumbered, and certain liquid assets "segregated" for the protection of the noteholders. The Corporation found itself unable to meet the payments of interest on the notes due November 1, 1931, and as a result a series of transactions was proposed and carried out whereby the noteholders received 50 per cent of the face value of their claims in cash and 50 per cent in common stock of the Corporation—the cash being supplied from the Corporation's "segregated assets," and the stock by defendant J. P. Morgan & Co. Morgan retained $15,-000,000 in face value of the notes, and the rest were canceled. The stock so transferred to the noteholders was then worthless, and Morgan and defendant Guaranty Trust Company, which helped promote the plan, knew it to be worthless; nevertheless they prepared false balance sheets of the Corporation and its subsidiaries showing the stock to have a large value, with intent to deceive the noteholders, who were actually deceived into participating in the plan at a loss of 50 per cent of the value of their former claims. The fact of the misrepresentation was not discovered by plaintiffs until the time when suit was brought. The names of all other former noteholders are unknown; but their number exceeds 1,000, and the interests of all are in common and involve a common question of law and fact. The prayer for relief was for an accounting, damages for the losses sustained by all noteholders, and a receiver to pay the costs of administration and distribute the balance of the proceeds to rightful claimants.

Twenty-two days after the complaint was filed, and before any action by the defendants, defendants were served with an Amendment to Complaint striking the name of C. J. Bowman as party plaintiff and adding as plaintiffs Grace W. York, who was alleged to be still holding notes in the amount of $6,000, and Eunice E. Eastman, who had held notes in the amount of $10,000, but had been induced to part with them on the same terms as had the original plaintiffs. But the court, without accepting the amendment, granted the motion of the Trust Company and of Whitney, one of the Morgan partners, to dismiss the action for want of jurisdiction.

■ Diversity of citizenship between each of the plaintiffs and each of the defendants was alleged; the sole question is whether or not the amount in controversy exceeds, exclusive of interest and costs, $3,000. 28 U.S.C.A. § 41(1). Of the original plaintiffs, only C. J. Bowman held notes in excess of $3,000; but since his loss was not more than half the value of the notes held, he cannot supply the jurisdictional amount. Hence as to these plaintiffs, this amount can be found only by an aggregation of their claims. Appellants' objections to the timeliness or form of the motion to dismiss are unavailing, as jurisdictional issues may be raised by the court at any time on its own motion. Clark v. Paul Gray, Inc., 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001; Federal Rule 12(h), 28 U.S.C.A. following section 723c.

■ It is well settled that when two or more plaintiffs, each having a separate and distinct demand, join in a single suit, the demand of each must be of the requisite jurisdictional amount. Pinel v. Pinel, 240 U.S. 594, 36 S.Ct. 416, 60 L.Ed. 817. Aggregation to make up the jurisdictional amount is permitted only when the claims are of a joint nature, as when it is sought to enforce a single title in which the plaintiffs have a common interest. Shields v. Thomas, 17 How. 3, 58 U.S. 3, 15 L.Ed. 93; Troy Bank v. G. A. Whitehead & Co., 222 U.S. 39, 32 S.Ct. 9, 56 L.Ed. 81. No such joint right is involved here. The claim here stated is for misrepresentation, whereby the plaintiffs were induced to make a sale of their notes for less than their true value. Clear-

ly, each plaintiff, to prevail, must show that he himself was misled by the defendants' misrepresentations, and that as a result he sustained a loss. Ayer v. Kemper, 2 Cir., 48 F.2d 11, certiorari denied Union Trust Co. v. Ayer, 284 U.S. 639, 52 S.Ct. 20, 76 L.Ed. 543. That case was brought on a theory exactly the same as the one before us now; it was further declared that any trust sought to be imposed for the benefit of the plaintiffs was separable, each trust being on the particular securities of which each plaintiff had been deprived (cf. Freeman v. Dawson, 110 U.S. 264, 4 S.Ct. 94, 28 L.Ed. 141), and that the theory of a class suit could not be relied on to make jurisdiction. A class could be found only in the "spurious" sense (see 2 Moore's Federal Practice 2241) that a common question of law and fact was involved. Among parties so related, aggregation is improper regardless of whether other members of the class purport to join in the original complaint or intervene to submit to the adjudication. Oliver v. Alexander, 6 Pet. 143, 31 U.S. 143, 8 L.Ed. 349; Seaver v. Bigelow, 5 Wall. 208, 72 U.S. 208, 18 L.Ed. 595; Schwed v. Smith, 106 U.S. 188, 1 S.Ct. 221, 27 L.Ed. 156; Clay v. Field, 138 U.S. 464, 479, 480, 11 S.Ct. 419, 34 L.Ed. 1044; Pinel v. Pinel, supra; Lion Bonding & Surety Co. v. Karatz, 262 U.S. 77, 43 S.Ct. 480, 67 L.Ed. 871; Central Mexico Light & Power Co. v. Munch, 2 Cir., 116 F.2d 85.

■ The conspiracy doctrine of McDaniel v. Traylor, 196 U.S. 415, 25 S.Ct. 369, 49 L.Ed. 533, rather heavily relied on by appellants, is entirely irrelevant. Here no question has been raised of aggregating amounts put in controversy by several defendants: it is admitted for the purpose of the motion to dismiss that defendants are co-conspirators. Yet the requisite value from plaintiffs' viewpoint is lacking. Compare Woodmen of the World v. O'Neill, 266 U.S. 292, 45 S.Ct. 49, 69 L.Ed. 293; Central Mexico Light & Power Co. v. Munch, supra.

■ The proffered amendment added one plaintiff, York, who had never transferred her bonds; seemingly, therefore, she sustained no damage, but at any event, the possible loss of 50 per cent of her investment of $6,000 would be just under the required amount. The amendment also added another plaintiff, Eastman, who had turned in bonds of the value of $10,000 and whose interest, therefore, would be well over the requirement. Much of the argument has dealt with the question whether or not jurisdiction can be thus supplied. But that seems to us not a correct analysis of the important issues of the case. As to York, there cannot exist jurisdiction any more than as to the original plaintiffs, and it cannot be supplied for her or for them by adding a plaintiff who can show jurisdiction. Rich v. Lambert, 12 How. 347, 53 U.S. 347, 13 L.Ed. 1017; Stewart v. Dunham, 115 U.S. 61, 5 S.Ct. 1163, 29 L.Ed. 329; Gibson v. Shufeldt, 122 U.S. 27, 7 S.Ct. 1066, 30 L.Ed. 1083; Clark v. Paul Gray, Inc., supra, 306 U.S. at page 590, 59 S.Ct. 744, 83 L.Ed. 1001.

■ This disposes of the case as to all the plaintiffs except Eastman. Since she alleges grounds of suit in the federal court, the only question is whether or not she must begin a new suit again by herself. Defendants' claim that one cannot amend a nonexistent action is purely formal, in the light of the wide and flexible content given to the concept of action under the new rules. Actually she has a claim for relief, an action in that sense; as the Supreme Court has pointed out, there is no particular magic in the way it is instituted. Chisholm v. Gilmer, 299 U.S. 99, 57 S.Ct. 65, 81 L.Ed. 458, upholding a suit instituted by mere motion for judgment. Cf. Fowler, Virginia Notice of Motion Procedure—A Case Study in Procedural Reform, 24 Va.L.Rev. 711. So long as a defendant has had service "reasonably calculated to give him actual notice of the proceedings," the requirements of due process are satisfied. Milliken v. Meyer, 311 U.S. ——, 61 S.Ct. 339, 343, 85 L.Ed. ——, decided December 23, 1940. Hence no formidable obstacle to a continuance of the suit appears here, whether the matter is treated as one of amendment or of power of the court to add or substitute parties, Federal Rule 21, or of commencement of a new action by filing a complaint with the clerk, Rule 3. In any event we think this action can continue with respect to Eastman without the delay and expense of a new suit, which at long last will merely bring the parties to the point where they now are.

Here defendants Guaranty Trust Co. and Whitney for himself and as a Morgan partner had appeared and moved to dismiss as to all parties, and relief was given accordingly; as to these defendants, no further notice appears necessary. How

far Whitney represented his partners in so acting or whether they have appeared in the action is not shown. If they have not appeared, new service upon them may be required, as stated in Rule 5(a); if they originally appeared, but have taken no steps recognizing Eastman's suit, the court may need formally to order her made a party under Rule 21, with notice to their attorneys, as also stated in Rule 5(a). Upon remand the court has power to make appropriate orders along these lines to ensure the hearing of the case with both fairness and dispatch as to all parties.

While this result is more directly possible under the simple procedure of the new rules, we do not find it forbidden by the earlier cases. In Pianta v. H. M. Reich Co., 2 Cir., 77 F.2d 888, 890, much relied on by defendants, where intervention was not permitted in an action where jurisdiction was lacking, the court took pains to point out that there had been no service of the petition for intervention as required in an original suit. There is a similar intimation in United States ex rel. Texas Portland Cement Co. v. McCord, 233 U.S. 157, 164, 34 S.Ct. 550, 58 L.Ed. 893. See also Mitchell v. Maurer, 293 U. S. 237, 242, 55 S.Ct. 162, 79 L.Ed. 338, and Cohn v. Cities Service Co., 2 Cir., 45 F. 2d 687.

Where new service of process is required, it would appear that Eastman's claim would not relate back to the date of original suit; see Anderson v. Watt, 138 U.S. 694, 11 S.Ct. 449, 34 L.Ed. 1078; Kendrick v. Kendrick, 5 Cir., 16 F.2d 744, certiorari denied 273 U.S. 758, 47 S.Ct. 472, 71 L.Ed. 877; and Pianta v. H. M. Reich Co., supra. But that issue is not one of jurisdiction, but of time and manner of its exercise. Now under the rules an action once commenced by the filing of a complaint—which is what Eastman's "amendment" amounted to—remains pending until dismissed by the court under Rule 41(b) for lack of due diligence in prosecution. Cf. Bates Mfg. Co. v. United States, 303 U.S. 567, 572, 58 S.Ct. 694, 82 L.Ed. 1020; 51 Harv.L.Rev. 1087; Linn & Lane Timber Co. v. United States, 236 U.S. 574, 578, 35 S.Ct. 440, 59 L.Ed. 725; Genesee Valley Trust Co. of Rochester v. United States, 2 Cir., 116 F.2d 407, December 23, 1940.[1] The action is therefore still pending as regards Eastman, and subject to the power of the district court to make appropriate orders for its continuance.

The judgment is affirmed as to all plaintiffs except Eastman; as to her it is reversed for further proceedings not inconsistent with this opinion.

---

[1] In Gallagher v. Carroll, D.C.E.D.N.Y., 27 F.Supp. 568, service was not made until almost 4 months after the filing of the complaint; in Schram v. Koppin, D.C. E.D.Mich., 35 F.Supp. 313, until 15 months later; in Schram v. Costello, D. C.E.D.Mich., 36 F.Supp. 525, Dec. 3, 1940, until nearly 3 months. The plaintiffs had shown due diligence; and the service was good, even to toll the statute of limitations. Cf. 4 Fed.Rules Service Comm. 3.2. A local district court rule, Civil Rule 1, S.D.N.Y., provides that an action shall abate where defendant has neither been served nor appeared generally within three months "after the issuance of the summons." This should not be applicable to proceedings suspended by appeal. Moreover, its effect is not clear, since it is made to turn on issuance of the summons; if its intent is to abate an action three months after its commencement, even though plaintiff has been diligent, its validity is to be questioned under Federal Rule 83, in view of the fact that the Advisory Committee considered a similar rule and rejected it. Preliminary Draft, Rules of Civil Procedure, May, 1936, Rule 3; Proceedings of New York Symposium on Federal Rules, 1938, 240, cf. also 232, 326; Advisory Committee's Notes to Rule 3, par. 4; Schram v. Costello, supra. No such rule appears in the district court rules proposed by a committee of the Conference of Senior Circuit Judges. See Rep. to the Jud. Conf. of Com. on Local D.C. Rules, 1940, 2, 10, 11, 35.