## INTERNATIONAL PULP EQUIPMENT CO., Limited, v. ST. REGIS KRAFT CO.
### Civil Action No. 341.

District Court, D. Delaware.

June 26, 1944.

W. Reese Hitchens (of Hering, Morris, James & Hitchens), of Wilmington, Del., and Frank J. Dillon (of Dillon, O'Brien & Clark), of New York City, for plaintiff.

C. A. Southerland (of Southerland, Berl & Potter), of Wilmington, Del., and Horace R. Lamb (of Le Boeuf & Lamb), of New York City, for defendant.

LEAHY, District Judge.

Because defendant was dissolved on September 30, 1940, and suit instituted here on September 23, 1943, but service of summons on the Secretary of State was not had until April 14, 1944, defendant contends that as more than three and a half years after defendant's dissolution had elapsed before the instant action was begun, it can not now be maintained under Sec. 42 of the Delaware Corporation Law, 43 Del.Laws 1941, c. 132, p. 457. In short, defendant argues that not only must the complaint be filed but a valid service of process must also be made upon a dissolved Delaware corporation within the

three year period mentioned in the statute.

■ Rule 4, Federal Rules of Civil Procedure, 28 U.S.C.A. following section 723c, provides that upon the filing of a complaint the issuance of summons must be made "forthwith". Apparently the question was left open whether the mere filing of a complaint under Rule 3 would have the effect of commencing an action for the purpose of tolling a statute of limitation and whether the additional step of actual service of the summons under Rule 4 to the marshal was required. See 17 Hughes, Fed. Practice, Jurisdiction & Procedure, § 18585; 1 Moore Fed. Practice 215; 51 Har.L.Rev. 1087. However, since the adoption of the new rules several courts have specifically decided that the filing of the complaint commences the action for the purpose of determining whether an action is barred by a statute of limitation. Reynolds v. Needle, 77 U.S.App. D.C. 53, 132 F.2d 161; Schram v. Costello, D.C., 36 F.Supp. 525; Gallagher v. Carroll, D.C., 27 F.Supp. 568; O'Leary v. Loftin, D.C., 3 F.R.D. 36. For the purpose of escaping the limitation statute, it was held in United States v. Spreckels, D. C., 50 F.Supp. 789, that an action is not commenced until (a) the complaint has been filed with a bona fide intent to prosecute the action diligently and (b) there is no unreasonable delay in the issuance or service of the summons. The Spreckels case is persuasive, for it requires a litigant to do more than drop a pleading in the Clerk's office. It keeps a plaintiff's interest active, at least until he learns that service has been effected. Applying that rule here, plaintiff did all it could as soon as it learned that its first service was invalid. Argument on defendant's first motion to quash was had on February 21, 1944, and the opinion disposing of the motion was filed April 10, 1944. The next day—April 11, 1944—plaintiff obtained the issuance of a new summons to the Secretary of State. This was obvious diligence on its part.

■ Defendant's remaining argument that under Sec. 42 of the Delaware Corporation Law service of process may not be made on the Secretary of State on behalf of a dissolved corporation within three years of its dissolution is without merit in view of the discussion found in the former opinion. See 54 F.Supp. at page 749.

Both of defendant's motions are denied.