**HEMMINGSON v. LIBBY, McNEIL & LIBBY et al.**

**No. 6197–A.**

United States District Court
D. Alaska. First Division. Juneau.
March 29, 1950.

Wm. L. Paul, Jr., Juneau, Alaska, Henry Roden, Juneau, Alaska, for plaintiff.

M. E. Monagle, Juneau, Alaska, for defendants.

FOLTA, District Judge.

The above entitled action to correct the award of the Industrial Board was attacked on the ground, among others, that it was not instituted in the Third Judicial Division where the injury occurred as required by Section 43-3-22, A.C.L.A.1949, which so far as material, provides: "An award by the full Board shall be conclusive and binding as to all questions of fact; but either party to the dispute, within thirty days from the date of such award, if award is not in accordance with law, may bring injunction proceedings, mandatory or otherwise, against the Industrial Board, to suspend or set aside, in whole or in part, such order or award. Such proceedings shall be instituted in the United States District Court for the *district* in which the injury occurred." (Emphasis supplied.)

Although venue provisions are primarily intended for the convenience of litigants, the provision in question, at least so far as recovery under the act by fishermen is concerned, would cause great inconvenience. Thus in the instant case, which incidentally is fairly typical, the plaintiff-employee is a nonresident, the defendant-employer is a foreign corporation and the Industrial Board resides in the First Division, 600 miles by air from where the Court sits in the Third Division, where the injury occurred. It would appear, therefore, that the Legislature could not have had the convenience of litigants in mind when it incorporated this particular provision into the act, and its presence lends support to the argument of the plaintiff that the use of the term "district" in patterning the act after the Longshoremens and Harbor Workers' Act, 33 U.S.C.A. § 901 et seq., was inadvertent. Notwithstanding, the Court sustained the defendants' motion to dismiss on the ground that this action had not been instituted in the division where the injury occurred. Thereafter a rehearing was granted. Plaintiff now contends that the quoted provision should be construed literally, and, in the alternative, that it should be held to be in conflict with that part of Section 3 of the Organic Act, 37 Stat. 512, 48 U.S.C.A. § 80, which provided that: "The legislature shall pass no law depriving the judges and officers of the district court of Alaska of any authority, jurisdiction, or function exercised by like judges or officers of district courts of the United States."

The United States District Court for the Territory was established by the act of June 6, 1900, 31 Stat. 322, as amended, 48 U.S.C.A. § 101, and vested with the jurisdiction of the district courts of the United States and with general jurisdiction in civil, criminal, equity and admiralty cases. It is but one court regardless of the fact that the judges thereof sit in different places within the district. Matheson v. United States, 227 U.S. 540, 542, 33 S. Ct. 355, 57 L.Ed. 631.

The plaintiff's first contention is that the word "district" in the quoted provision of Section 43-3-22, supra, requiring that actions to set aside awards be insti-

504

tuted in the "district" where the injury occurred, should be given its literal meaning. This would, of course, immediately dispose of the controversy, but such an interpretation would result in stripping the provision of any meaning, in disregard of the rule of statutory construction that all provisions of a statute must be given a reasonable meaning and effect, consistent with the purpose of the act. The Court, therefore, adheres to its former ruling, that this term must be construed to mean "division" in a geographical sense and that, therefore, this action should have been instituted in the Third Judicial Division where the injury occurred, unless plaintiff's second contention, that so construed the provision would deprive the judges of this court of some jurisdiction, authority or function exercised by like judges of the district courts of the United States, can be upheld.

■ The question presented, therefore, is whether this limitation of venue to the geographical division in which the injury occurred contravenes Section 3 of the Organic Act already quoted. The problem is more than one of mere terminology. So far as judicial investigation is concerned, the case appears to be one of first impression. Undoubtedly, the statutory provision involved was designed to insure uniformity between this court and the district courts in the states. Since it must be conceded that the latter courts may issue injunctions, prohibitory and mandatory, anywhere in their respective districts irrespective of the division lines, it would seem clear that the attempt to limit venue to one division, as the provision under discussion would do, would deprive the other three judges of this court of the jurisdiction, authority or function exercised by like judges of the district courts of the United States to entertain an action not local in character and grant injunctive relief.

Accordingly, although the question is not free from doubt, I am constrained to hold that the provision referred to is void and that the order previously entered sustaining the defendants' motion should be vacated and their motion dismissed.