**James B. HUKILL, Plaintiff,**

v.

**PACIFIC AND ARCTIC RAILWAY AND NAVIGATION COMPANY, a corporation; The British Yukon Navigation Company, Limited, a corporation; British Columbia Yukon Railway Company, a corporation; The British Yukon Railway Company, a corporation and doing business as White Pass and Yukon Route, et al., Defendants.**

**Civ. No. A–12871.**

District Court, Alaska,
Third Division, Anchorage.
March 11, 1958.

Harold J. Butcher, Anchorage, Alaska, for plaintiff.

Faulkner, Banfield & Boochever, Juneau, Alaska, for defendant White Pass & Yukon Route.

HODGE, District Judge.

Plaintiff brings this action against the several defendants above named, for damages for alleged personal injuries sustained by him on November 23, 1954, while in the employ of the defendants at Skagway, Alaska, due to the negligence of the defendants, while engaged in unloading a box car for loading aboard a ship moored at such place. Complaint was filed on November 20, 1956. Summons was issued but was not delivered to the United States Marshal or other person appointed, for service. A little more than a year later, on November 22, 1957, a new summons was issued and delivered to the United States Marshal at Anchorage who forwarded it to the United States Marshal for the First Division, who served summons and complaint on Norman C. Banfield as "attorney" for the defendant Pacific and Arctic Railway and Navigation Company at Juneau on November 29, 1957. The defendant "White Pass and Yukon Route" has moved for dismissal of the complaint upon the grounds: (1) that the action has not been commenced within three years of the date of the injury, as required by 45 U.S.C.A. § 56; (2) that no proceedings were taken in the action for a period of more than one year after the case was filed, as required by Rule 16, Uniform Rules of the District Court for the District of Alaska; and (3) the action has not been filed in the District of the residence of the defendant, or in which the cause of action arose, or in which the defendant was doing business, as required by 45 U.S.C.A. § 56.

It is necessary first to determine whether or not this action was brought under the provisions of the Federal Employers' Liability Act (45 U.S.C.A. § 51 et seq.), as was first assumed by the defendant. The plaintiff asserts that it was not so brought, in which he appears to be correct, for although the court would have jurisdiction under this Act if the allegations of the complaint were sufficient, even though not declared in the complaint, it appears that the acts of negligence complained of were not within the purview of the act. Defendant now concedes this point. Therefore it appears that the general statute of limitations provided by Sec. 55-2-7, A.C.L.A.1949, of two years, rather than the specific limitation under 45 U.S.C.A. § 56, of three years, would apply in this instance.

Matters of procedure are now governed by Rules 3 and 4, Federal Rules of Civil Procedure, 28 U.S.C.A. Rule 3 provides that:

"A civil action is commenced by filing a complaint with the court".

Rule 4 provides:

"Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to the Marshal or to a person specially appointed to serve it. Upon request of the plaintiff separate or additional summons shall issue against any defendants".

These Rules supersede the provisions of the Alaska Code of Civil Procedure that "an action shall be deemed commenced when the complaint is filed and the summons issued", and that "at any time after the action is commenced the plaintiff may cause a summons to be served on the defendant". Secs. 55-2-13 and 55-4-1, A.C.L.A.1949.

It appears to be fairly well settled that Rules 3 and 4, F.R.C.P. must be construed together, and that the filing of a complaint, when followed by lodging of

the summons or writ in the Marshal's office, will toll the statute of limitations. Bomar v. Keyes, 2 Cir., 162 F.2d 136, 140 (certiorari denied 332 U.S. 825, 68 S.Ct. 166, 92 L.Ed. 400); Isaacks v. Jeffers, 10 Cir., 144 F.2d 26; Yudin v. Carroll, D.C., 57 F.Supp. 793. See also Barron and Holtzoff, Fed.Prac. & Proc., Vol. 1, Sec. 163, pp. 277–278, wherein the authors state that the view adopted by the Federal courts that the filing of the complaint under Rule 3 commences the action within the meaning of the statute of limitations,

> "is subject to the qualification that delay in three additional steps—issuance of summons, delivery to an officer for service, and service of the summons and complaint on defendant—may nullify the effect of filing the complaint".

In this respect the courts have followed decisions interpreting the former Equity Rule from which Rules 3 and 4 were taken. Linn & Lane Timber Co. v. United States, 236 U.S. 574, 35 S.Ct. 440, 59 L.Ed. 725; United States v. Spreckels, D.C., 50 F.Supp. 789; United States v. Hardy, 4 Cir., 74 F.2d 841; United States v. Miller, C.C., 164 F. 444. To quote from the decision of the Supreme Court in the Linn & Lane Timber Co. case [236 U.S. 574, 35 S.Ct. 441]:

> "The bills were filed and subpoenas were taken out and delivered to the marshal for service before the statute had run, reasonable diligence was shown in getting service, and therefore the rights of the United States against all the patents were saved. For when so followed up, the rule is pretty well established that the statute is interrupted by the filing of the bill."

In this case the summons was not delivered to the Marshal for service until a year after the expiration of the statute of limitations. It therefore conclusively appears that the action was not timely commenced, within the meaning of the above Rules.

▊ Plaintiff seeks to excuse the delay in delivery to the Marshal and service of the summons, by affidavit showing difficulties encountered in determining the correct party to be served. Such excuse may more properly be considered relating to the time for service of summons. The Rules contain no provision limiting the time for such service, but the courts have held that they might inquire into the matter of due diligence in such service. Schram v. Koppin, D.C., 35 F.Supp. 313. In this respect the courts have generally treated the question as one of due diligence on the part of the plaintiff, or the filing of a complaint and issuance of summons with the bona fide intent to prosecute the suit diligently, provided there was no unreasonable delay in the service of the summons; and that if lack of such diligence was found the action was not commenced within the meaning of the statute of limitations. Barron and Holtzoff, supra, Sec. 163, pp. 279–280; Schram v. Holmes, D.C., 4 F.R.D. 119; International Pulp Equipment Co. v. St. Regis Kraft Co., D.C., 55 F.Supp. 860; United States v. Spreckels, supra.

▊ The reported decisions do not indicate whether such discretion may be exercised relating to failure to comply with Rule 4. However, even though this question may be considered, I must hold that there was no due diligence in this case. The affidavit of counsel for plaintiff in support of this contention recites in substance that plaintiff submitted the case to him shortly before the statute of limitations would expire; that plaintiff did not know the name of his employer except that he was employed by the "White Pass and Yukon Railroad"; that counsel was unable to find such a corporation doing business in the Territory and that he therefore filed the complaint against the defendants named upon documents furnished by plaintiff; that he made no effort to have the summons delivered to the Marshal for service as he was unable to ascertain which corporation was responsible for plaintiff's inju-

ries, and that "some time passed" before it was possible to determine which of the several corporations was the proper party to be served; and that meanwhile he had discussed the possibility of settlement of the suit with Mr. Boochever of counsel for defendant, but no settlement was reached. It further appears that the new summons was issued when it appeared that one year from the date of filing without further proceedings would subject the case to dismissal when no action is taken thereon for more than one year, under Rule 16 of the District Court Rules.

Mr. Boochever replied by affidavit stating that the four corporations named were doing business under the trade name of the "White Pass and Yukon Route"; that Norman C. Banfield of his firm was then listed as agent for service of process of the British Yukon Navigation Company, Ltd., and that the date of the conference with counsel for plaintiff was May 29, 1957 (or approximately six months before the issuance and delivery of the second summons).

It therefore appears that plaintiff could have obtained service with the exercise of reasonable diligence upon either such designated statutory agent or, if none was found, as to any of the defendants named upon the Clerk of the District Court, pursuant to Sec. 36–2–1, A.C.L.A.1949.

As aptly stated by Judge Raymond J. Kelly in an analogous situation, although relating to the rule of laches in admiralty, in the case of Brown v. Kayler, D.C., 156 F.Supp. 111, 113, filed November 6, 1957,

"Where statutes of limitation are passed they point out to those who would use the court that the courts are open to claimants for the period permitted under the statute and not thereafter, and it is only in the case of the gravest injustice, under most exceptional circumstances, where no fault inures to the claimant, and then only in the exercise of sound judgment where real equitable considerations exist, that the court is permitted to exercise discretion in waiving the laches complained of", citing Westfall Larson & Co. v. Allman-Hubbele Tugboat Co., 9 Cir., 73 F.2d 200.

Finding that the action was not timely commenced, other grounds of defendant's motion need not be considered, except that it should be noted in passing, for future guidance, that there appears no provision of law, either Alaska or Federal, that requires such suit to be brought in the division of the District of Alaska in which the defendant resides, or the injury occurred. The District Court for the District of Alaska is but one court or district, and the jurisdiction of each Division extends over the Territory; but the court in which the action is pending may, on motion, change the place of trial to another division. Sec. 53–2–5, A.C.L.A.1949; Matheson v. United States, 227 U.S. 540, 33 S.Ct. 355, 57 L.Ed. 631; United States v. Hoyt, 7 Alaska 276. The case of Hemmingson v. Libby, McNeil & Libby, D.C., 89 F.Supp. 502, 12 Alaska 651, relating to the particular interpretation of the Alaska Workmen's Compensation Act, A.C.L.A. 1949, § 43–3–1 et seq., does not hold otherwise.

The motion to dismiss will be granted. Unless plaintiff requests leave to amend within twenty days from the date of filing of this opinion, an order may be presented dismissing this action with prejudice.