**UNITED STATES of America for the Use of GRAYBAR ELECTRIC COMPANY, Inc.**

v.

**MacKENZIE–FOSTER CO., Inc. and Gil Wyner Co., Inc., and The Travelers Indemnity Company.**

Civ. A. No. 60–796.

United States District Court
D. Massachusetts.

June 12, 1962.

Wasserman & Salter, Bernard P. Rome, Boston, Mass., for plaintiff.

Jacob J. Locke, Boston, Mass., for Travelers Indemnity Co.

M. Arthur Gordon, Boston, Mass., for MacKenzie-Foster Co. Inc.

FRANCIS J. W. FORD, District Judge.

This is an action under the Miller Act, 40 U.S.C.A. § 270a et seq., in which petitioner Westinghouse Electric Supply Company moves to intervene to recover on its claim for the price of materials furnished to a subcontractor. Defendant Gil Wyner Co., Inc., the prime contractor, and its surety object to the al-

lowance of the motion on the ground that it is not timely.

The original complaint in this action was filed on October 24, 1960. On December 20, 1960, a document entitled "Intervening Petition of United States of America for the use of Westinghouse Electric Supply Company" was filed in the office of the clerk of this court. It bears a date stamp of the clerk's office indicating it was filed as of that date and it was placed in the folder with the other papers filed in the case. No docket entry was made with respect to this document since it was not accompanied by any motion to intervene. No such motion was filed at that time or served on any of the parties to the action. Counsel for petitioner states that this was not done because his associate who filed the intervening petition was told by some unidentified person at the clerk's office that nothing more had to be done. On April 16, 1962, copies of the present motion for leave to intervene were mailed to counsel for defendants and to the clerk's office where it was received for filing on April 18.

Under the provisions of the Miller Act, 40 U.S.C.A. § 270b, suit may not be commenced after the expiration of one year after the date of final settlement of the contract. In the present case the issue of whether or not petitioner's commencement of its action was timely depends on whether its action was commenced by the filing of the petition to intervene on December 20, 1960, which was within the one-year period, or by the filing and service of its motion in April of 1962, after the expiration of the period of limitations.

■ Rule 24(c), Federal Rules of Civil Procedure, 28 U.S.C.A., dealing with procedure for intervention requires that, "A person desiring to intervene shall serve a motion to intervene upon all parties affected thereby. The motion shall state the grounds therefor and shall be accompanied by a pleading setting forth the claim or defense for which intervention is sought." Petitioner here has failed to comply with an essential element of this procedure, the service of the motion to intervene upon the other parties to the action. Consequently the defendants had no notice of any assertion of petitioner's claim until long after the time for bringing an action had expired. It cannot be held that the mere filing in the clerk's office of a pleading setting forth its claim without the service of the motion required by Rule 24 was an effective commencement by petitioner of its action by way of intervention so as to toll the running of the statute of limitations. United States Fidelity & Guaranty Co. v. McNulty Bros., Inc., 1 Cir., 13 F.2d 78, 80, relied upon by petitioners is not in point. It was decided before the adoption of the Federal Rules of Civil Procedure and under statutory provisions which the court construed as requiring the filing of a claim within the statutory period as the only step required of a claimant.

■ Petitioner argues that the filing of its petition should be regarded as analogous to the filing of a complaint to commence an independent action. Under Rule 3, the filing of the complaint serves to toll the statute of limitations even though service of the complaint and summons is not made until after the running of the period of limitations. However, this presupposes that plaintiff uses due diligence in procuring service of process and failure to do so justifies dismissal of the action as not having been timely commenced. Hukill v. Pacific and Arctic Railway & Navigation Co., D.C., 159 F.Supp. 571, 17 Alaska 498; Fistel v. Christman, D.C., 13 F.R.D. 245. The most petitioner can argue from the analogy is that the filing of its petition should be held to be a timely commencement of its intervention provided it thereafter made prompt service of its motion on the affected parties. Jack v. Travelers Insurance Company, D.C., 22 F.R.D. 318, 319. It cannot be held to have done so here.

The motion of Westinghouse Electric Supply Company to intervene is denied.