**James G. DiCOSTANZO, Plaintiff,**

v.

**CHRYSLER CORP. et al., Defendants.**

**Civ. A. No. 73–776–S.**

United States District Court,
D. Massachusetts.

May 14, 1976.

Harold Brown, Boston, Mass., David Berger, Warren D. Mulloy, Bruce K. Cohen, Philadelphia, Pa., for plaintiff.

Arnold Manthorne, Warner & Stackpole, Boston, Mass., for defendants.

## MEMORANDUM AND ORDERS ON OUTSTANDING MOTIONS

SKINNER, District Judge.

The plaintiff's motion to compel answers to its third set of interrogatories is ALLOWED, subject to the right of defendants to limit their answers to franchise dealers and dealer enterprise dealers in the Boston metropolitan area. Answers shall be filed within thirty days. Objections to the interrogatories are OVERRULED.

The motion to terminate the deposition of the plaintiff is DENIED.

Louis J. DeMarco filed a motion to intervene on June 7, 1973, within the period of limitation (tolled during the pendency of the class action aspect of this case). The motion was not promptly served as required by Fed.R.Civ.P. 24, and indeed was not served until March 6, 1975. The defendants' counsel first learned of the motion on December 16, 1974.

The filing of a motion to intervene is distinguishable from the filing of an original complaint, in that in the former case the burden of service is on the intervenor, whereas in the latter it is on the Clerk and the Marshal. Fed.R.Civ.P. 4(a) and (c).

The one pertinent case in this circuit holds that mere filing of the motion does not toll the statute unless accompanied by prompt service. *United States v. MacKenzie-Foster Co.*, 207 F.Supp. 210 (D.Mass. 1962).

It does not seem to me that this case correctly analyzes the problem. By filing the motion, the intervenor has made "timely application" within the meaning of Rule 24. His failure to follow through with proper service is more exactly analyzed as a failure to prosecute, which should be raised by a motion to dismiss under Rule 41(b).

If the defendants' opposition to the motion is treated as a motion to dismiss under Rule 41(b), it becomes a matter of discretion. My exercise of discretion is governed by the following considerations:

(1) The intervenor's complaint fairly read raises only claims under the Clayton Act which are the same as those raised by the plaintiff. The intervenor's complaint also reveals some haphazard cutting and pasting from the original complaint, but the only matters of substance incorporated are the anti-trust claims.

(2) Through various lapses, some attributable to both of the courts involved, this case has not progressed so far that the addition of the intervenor's claim will add any inconvenience.

(3) The denial of the intervenor's right to intervene would work a substantial

injustice since he can not now prosecute an independent action.

Accordingly, I rule that DeMarco's Motion to Intervene is ALLOWED as timely and as otherwise conforming to Rule 24(b). The defendants' opposition is treated as a motion to dismiss for failure to prosecute under Rules 41(b) and 8(f), and as such is DENIED for the reason stated.

All discovery, including that of and by the intervenor shall be completed within six months of this date.