OFFICE OF THE ATTORNEY GENERAL · STATE OF TEXAS

JOHN CORNYN

January 22, 2001

Mr. Jim Nelson
Commissioner of Education
Texas Education Agency
1701 North Congress Avenue
Austin, Texas 78701-1494

Opinion No. JC-0332

Re: Whether a school district may operate a school outside the district's geographic boundaries (RQ-0273-JC)

Dear Commissioner Nelson:

You have requested our opinion as to whether the Boles Independent School District may operate a school outside the district's geographic boundaries.[1] For the reasons set forth below, we conclude that it may not do so.

You indicate that the Boles Independent School District, a school district located in Hunt County, wishes to operate a formerly private school, the Phoenix Campus, as a satellite campus.[2] The Phoenix Campus is located within the geographic boundaries of the Greenville Independent School District. *See* Exhibit "C", note 2, at 1; Request Letter, note 1, at 1. You state that the Texas Education Agency ("TEA") "has concluded that nothing in Texas law precludes a school district from operating an educational program outside of its geographic boundaries, provided that the school board has concluded that a public purpose is served that warrants the expenditure of its funds." Request Letter, note 1, at 1-2. Furthermore, "[t]he agency has advised school districts that have inquired that it is permissible to operate educational programs outside of the geographic boundaries of the district, and is aware of several instances in which that has happened." *Id.* at 2.

Section 11.151(b) of the Education Code places the exclusive control of the public schools in the school districts of the state:

> (b) The trustees as a body corporate have the exclusive power and duty to govern and oversee the management of the public schools of the district. All powers and duties not specifically delegated by statute to the agency or to the State Board of Education are reserved

---

[1] *See* Letter from Jim Nelson, Commissioner of Education, to Honorable John Cornyn, Texas Attorney General (Aug. 22, 2000) (on file with Opinion Committee) [hereinafter Request Letter].

[2] *See* Exhibit "C" attached to Request Letter (Letter from Sara Hardner Leon, Powell & Leon, L.L.P., to Jim Nelson, Commissioner of Education (Aug. 16, 2000)) [hereinafter Exhibit "C"].

for the trustees, and the agency may not substitute its judgment for
the lawful exercise of those powers and duties by the trustees.

TEX. EDUC. CODE ANN. § 11.151(b) (Vernon 1996). In addition, section 7.003 provides:

An educational function not specifically delegated to the
agency or the board under this code is reserved to and shall be
performed by school districts or open-enrollment charter schools.

*Id.* § 7.003. You apparently suggest that such "reserved" powers authorize the district, in the
situation you pose, to operate the Phoenix Campus outside the limits of its geographic boundaries.

It is well established that an independent school district, such as the Boles Independent
School District, "only possesses the powers expressly conferred on it by law or necessarily implied
from the powers so conferred." *Harlingen Indep. Sch. Dist. v. C.H. Page & Bro.*, 48 S.W.2d 983,
986 (Tex. Comm'n App. 1932, judgm't adopted); *see also, Mesquite Indep. Sch. Dist. v. Gross*, 67
S.W.2d 242, 245 (Tex. 1934); *Texas Roofing Co. v. Whiteside*, 385 S.W.2d 699, 701 (Tex. Civ.
App.–Amarillo 1964, writ ref'd n.r.e.); *Royse Indep. Sch. Dist. v. Reinhardt*, 159 S.W. 1010, 1011
(Tex. Civ. App.–Dallas 1913, writ ref'd). Clearly, a district has no express authority to operate a
school outside the district's geographic boundaries. Although subsection (b) of section 11.151
grants to the trustees of an independent school district "the exclusive power and duty to govern and
oversee the management of the public schools of the district," the ultimate question is whether a
school beyond a district's geographic boundaries may be said to constitute a public school "*of the
district.*" *See* TEX. EDUC. CODE ANN. § 11.151(b) (Vernon 1996) (emphasis added).

Courts of other jurisdictions have consistently construed the term "district" to mean a specific
geographic area. In *City of Aurora v. Rhodes*, 689 P.2d 603 (Colo. 1984), for example, the Supreme
Court of Colorado said that the "term 'district,' as used in article II, section 16 [of the Colorado State
Constitution], and as applicable to a municipal court prosecution for an ordinance violation in a
multi-county municipality, should be interpreted to mean the area served by the municipal court or,
in other words, *the territorial boundaries of the city.*" *Aurora*, 689 P.2d at 610 (emphasis added).
In *Jones v. Falcey*, 222 A.2d 101 (N.J. 1966), the Supreme Court of New Jersey held that "the very
concept of a 'district'. . . is, that it must embrace an area with a single set of boundaries rather than
be a collection of geographically isolated oases." *Falcey*, 222 A.2d at 106. *See also Hammond v.
Young*, 117 N.E.2d 227, 231 (Ohio C.P. 1953) (District "describes a special geographical area over
which specific authority, executive, legislative or judicial is exercised by properly constituted
officers."); *Hemmingson v. Libby, McNeil & Libby*, 89 F. Supp. 502, 504 (D. Alaska 1950) (district
means "'division' in a geographical sense"). Furthermore, section 12.011 of the Education Code,
which authorizes a school district to adopt a "home-rule school district charter," specifically provides
that the adoption of such a charter "does not affect . . . the district's boundaries." TEX. EDUC. CODE
ANN. § 12.011 (Vernon 1996). These authorities lend credence to the principle that, unless the
legislature clearly indicates otherwise, a public school "of the district" should be construed to mean
a public school within a school district's geographic boundaries.

This view is buttressed by an example in which the legislature has made specific provision for unusual arrangements involving public education. Since 1999, for instance, the board of trustees of a junior college district has been authorized to operate "branch campuses, centers, or extension facilities" only "within the junior college district's service area." *Id.* § 130.086(a) (Vernon Supp. 2000). Prior to 1999, however, a junior college district could operate such facilities "without regard to the geographical bounds of the junior college district."[3] Junior college districts that operated branch campuses prior to September 1, 1999, apparently may continue to do so by virtue of subsection (g) of section 130.086. *See id.* § 130.086(g). The point is that the legislature, when it wishes to authorize a district to operate a school facility outside its geographical area, knows how to do so, and has done so in the past. The fact that it has not done so with respect to independent school districts indicates, we believe, that such entities may not operate branch campuses outside their geographic boundaries. *See also id.* § 130.006 (Vernon 1991) (independent school district and community college district may enter into contract to hold college courses in school district's facilities).

We must also consider the conclusion of the TEA that "nothing in Texas law precludes a school district from operating an educational program outside its geographic boundaries." *See* Request Letter, *supra* note 1, at 1. It is of course settled law that the construction of a statute by the administrative agency charged with its enforcement is entitled to serious consideration, so long as the construction is reasonable and does not contradict a statute's plain language. *See Tarrant Appraisal Dist. v. Moore*, 845 S.W.2d 820, 823 (Tex. 1993); *Gerst v. Oak Cliff Savs. & Loan Ass'n*, 432 S.W.2d 702, 706 (Tex. 1968). As we have indicated, however, a school district does not have untrammeled powers. Its authority derives from express or implied statutory language. The TEA has not explained the basis for its conclusion, nor any statute from which the authority to do so might be implied. The mere absence in Texas law of a prohibition on doing some act does not in itself furnish authority to perform that act. Nor, in our opinion, does the amorphous reference to "reserved" educational functions found in both section 11.151 and section 7.003 provide such authority. We therefore conclude that TEA's interpretation of Texas law in this instance—that the Boles Independent School District may operate a school outside its geographic boundaries—does not meet the Texas Supreme Court's test of reasonableness formulated in *Moore* and elsewhere.

In summary, it is our opinion that the Boles Independent School District may not operate the Phoenix Campus, a school outside the district's geographic boundaries. In view of our answer to your first question, we need not address your second question.

---

[3] Act of May 31, 1975, 64th Leg., R.S., ch. 689, § 1, 1975 Tex. Gen. Laws 2109, *amended by* Act of May 26, 1999, 76th Leg., R.S., ch. 1424, § 1, 1999 Tex. Gen. Laws 4863.

## S U M M A R Y

The Boles Independent School District may not operate the Phoenix Campus, a school outside the district's geographic boundaries.

Yours very truly,

JOHN CORNYN
Attorney General of Texas

ANDY TAYLOR
First Assistant Attorney General

CLARK KENT ERVIN
Deputy Attorney General - General Counsel

SUSAN D. GUSKY
Chair, Opinion Committee

Rick Gilpin
Assistant Attorney General - Opinion Committee