Hillsborough, } No. 3350.
Dec. 1, 1942. }

CATHARINE CARTIER *v.* F. M. HOYT SHOE CORPORATION.

WILLIAM J. CARTIER *v.* SAME.

*Warren, Wilson, McLaughlin & Wiggin* (*Mr. Wiggin* orally), for the plaintiffs.

*Devine & Tobin* (*Mr. Tobin* orally), for the defendant.

ALLEN, C. J. The evidence warranted a finding that the tread at the edge of the floor from which the plaintiff stepped to go down the stairway was so worn as to make its condition one of negligent maintenance. She testified: "The top landing was not even. It was grooved in, I would say, about an inch. In other words, the edge of it was worn and looked very slippery looking." While some wear of stair treads is to be expected and creates no demand for repair, the point at which the wear has become so great as to make the stairs unduly hazardous is one of fact, and the evidence quoted tended to show that the danger point had been passed.

If the evidence shows no cause of the fall other than the defect, it is sufficient. *Harmon* v. *Richardson*, 88 N. H. 312, 314. And if the fall might be found due to failure to appreciate and observe the distance from the door through which the plaintiff passed to the edge of the floor at the top of the stairs, it was for the jury to weigh the probabilities between the causes claimed. *Boucher* v. *Larochelle*, 74 N. H. 433.

The evidence fails to compel a conclusion of the plaintiff's fault. Due care did not necessarily require her to anticipate the unsafe condition at the edge of the floor where she stepped down on the stairway, and thus to look at it to see if it was safe. It was in evidence that she was familiar with the premises and had used the stairway in going up to the floor from which she fell without notice of any defects. The defendant owed her the duty to maintain reasonable conditions of safety, and she was entitled to place some reliance upon the performance of the duty. What occasion she had to take precautions against the chance of the danger she encountered became an issue of fact. Failure to investigate, however simple and easy the investigation might be, was not an omission of care as matter of law. Her conduct findably measured up to the required standard in anticipating and taking precautions against possible dangers. *Halley* v. *Brown, ante,* 1; *Perkins* v. *Company,* 91 N. H. 211; *Martin* v. *Railroad,* 91 N. H. 63; *Shea* v. *Manchester,* 89 N. H. 547; *Dorrien* v. *Sirois,* 87 N. H. 144, 147; *Howe* v. *Company,* 87 N. H. 122, 126; *Burns* v. *Coté,* 86 N. H. 167; *Barrett* v. *Company,* 85 N. H. 33, 35; *Pickford* v. *Abramson,* 84 N. H. 446, 448, 449; *Sevigny* v. *Company,* 81 N. H. 311, 313.

In the cases cited by the defendant the circumstances were of obvious dangers demanding precaution and protection against them.

*Exceptions overruled.*

All concurred.