Hillsborough, }
Mar. 6, 1945. } No. 3513.

ALICE ROY *v.* AMOSKEAG FABRICS, INC.

*Warren, Wilson & Wiggin (Mr. Wiggin* orally), for the plaintiff.

*Alvin A. Lucier* and *McLane, Davis & Carleton (Mr. Lucier* orally), for the defendant.

BRANCH, J.   Upon June 17, 1941, the plaintiff, accompanied by a woman companion, went to the defendant's factory in search of employment.   There she interviewed the defendant's superintendent of spinning, weaving, joining and cloth room and was told by him to come back in a few days.   In accordance with this instruction, the plaintiff and her companion returned upon June 19, and the plaintiff, while leaving the building, was injured by the breaking of a board in a ramp which covered the steps at the middle entrance of the factory.   The plaintiff having come upon the defendant's premises by the express direction of the superintendent, who had authority to hire help, was clearly an invitee or business visitor of the defendant, and the defendant was bound to exercise ordinary care to protect her against dangers reasonably to be apprehended.   *True* v. *Creamery*, 72 N. H. 154; *Stevens* v. *Company*, 73 N. H. 159; *Hobbs* v. *Blanchard*, 75 N. H. 73.   Whether the defendant should have anticipated that the plaintiff was likely to leave the factory by the middle entrance, and whether it exercised reasonable care in permitting the steps of this entrance to be obstructed by the ramp in question, were issues of fact for the jury.   The question of the plaintiff's alleged negligence also presented an issue for the jury which was properly submitted to them by the Court.   The motions for a nonsuit and a directed verdict were properly denied.

The defendant excepted to the following portion of the charge. "If you find she had a right as a reasonable woman to think that the company as a reasonable person would expect her to use this ramp, then she had a right to be there."   With reference to the duty which a landowner owes to an invitee or business visitor, the law was thus stated in *Cable* v. *Donahue*, 85 N. H. 258, 259: "The law here is that invitation extends to such parts of premises as the landowner ought in reason to understand that his invitees would understand were for

their use." In the portion of the charge above quoted, the trial Justice apparently undertook to apply this principle, and we cannot find that the rights of the defendant were prejudiced by the language used. If the plaintiff acted as a reasonable woman in thinking that the company would expect her to use this ramp, it follows that the defendant ought reasonably to have understood that she would so think and ought to have acted accordingly.

The defendant also excepted to the following portion of the charge upon the issue of damages: "She is entitled to a fair verdict, not niggardly nor exorbitant, but a fair verdict, not over $5,000. I believe that is the amount of the writ, but anything up to that." We are unable to discover any error in this portion of the charge.

*Judgment on the verdict.*

All concurred.