Arthur SILVERTON and Frances Silverton,
Appellants,

v.

Jack MARLER and Erma Evans Hart,
Appellees.

No. 341.

Supreme Court of Alaska.

Jan. 30, 1964.

**4**

Joe P. Josephson, Anchorage, for appellants.

James J. Delaney, Jr., Plummer, Delaney & Wiles, Anchorage, for appellees.

Before NESBETT, C. J., and DIMOND and AREND, JJ.

DIMOND, Justice.

This was a suit for injuries suffered by appellant, Frances Silverton, when she slipped and fell on ice which had accumulated near the entrance to Tok Lodge, at Tok, Alaska, where she had been a paying guest. The first question on this appeal is which statute of limitations governs appellant's claim: the six-year statute for actions on contract [1], which appellant contends is applicable; or the two-year statute for tort actions [2], which the court below held was controlling.

Appellant argues that the words "not arising on contract" in the two-year statute of limitations mean that the two-year statute controls actions for personal injury only where the breach of appellees' duty does not emerge from an express or implied contractual relationship between the parties. Appellant contends that she was injured by reason of appellees' breach of their implied contractual duty as innkeepers to keep their premises in reasonably safe condition for their guests and, therefore, that the six-year statute of limitations should control.

We disagree with appellant, and hold that the trial judge was correct in ruling that the two-year statute governs. As a paying guest at the Tok Lodge appellant was a business visitor, because she had been invited or permitted to enter on appellees' premises for a purpose directly or indirectly connected with business dealings between the parties.[3] The relationship thus created when appellant became a business visitor gave rise to a duty imposed by law on appellees to take reasonable care to discover the actual condition of the premises and either make them safe or warn appellant of any dangerous condition.[4] If appellees failed in that duty, they were chargeable with negligence; for their conduct would have fallen below the standard established by law for the protection of others against unreasonable risk of harm.[5] Negligent conduct is tortious, i. e., of such a character as to subject one to liability under the principles of the law of torts.[6] The basis for

1. AS 09.10.050 provides: "No person may bring an action (1) upon a contract or liability, express or implied * * * unless commenced within six years."

2. AS 09.10.070 provides: "No person may bring an action (1) for libel, slander, assault, battery, seduction, false imprisonment, or for any injury to the person or rights of another not arising on contract and not specifically provided otherwise * * * unless commenced within two years."

3. Restatement, Torts § 332 (1934); Lynch v. L. B. Sprague, Inc., 95 N.H. 485, 66 A.2d 697, 699 (1949).

4. Restatement, Torts § 343 (1934); Lynch v. L. B. Sprague, Inc., supra, note 3.

5. Restatement, Torts § 282 (1934).

6. Restatement, Torts § 6 (1934).

any liability on appellees' part for appellant's injuries is to be found in the law of torts; it does not arise from any contractual relationship that may have existed. The controlling statute of limitations is the two-year statute governing tort actions, and not the six-year statute relating to actions on contract.[7]

Appellant contends that the two-year statute did not constitute a defense to her claim because the running of the statutory period was interrupted by the filing of her complaint before the expiration of two years from the date of her injury. Appellant's contention is correct. We do not hold, as some courts apparently have, that the tolling of a statute of limitations depends not only upon filing the complaint but also upon the exercise of reasonable diligence in arranging for service of process.[8] A tort action must be commenced within two years after the cause of action has accrued.[9] It is the commencement of the action that interrupts the running of the statute. The time when an action is commenced is governed by Rule 3 of the Rules of Civil Procedure which provides that "A civil action is commenced by filing a complaint with the court". Civil Rule 4(a), it is true, contemplates diligence in procuring service of process.[10] But it expresses no condition as to the commencement of the action. That is expressly covered only by Civil Rule 3. Thus it is the filing of the complaint and not the further act of issuing summons which tolls the statute of limitations.

We are aware of the inconsistency between our holding and the Alaska statutory provision that "An action is considered commenced when the complaint is filed *and the summons issued.*" (emphasis ours) [11] In 1962 this court worked in cooperation with the Alaska Legislative Council in a recodification program, the objective of which was to separate all procedural law from existing statutes, recodify the remaining substantive law into new titles, and promulgate the procedural provisions as rules of court.[12] In the course of an exchange of views between the legislative council and the court as to whether given statutes were substantive or procedural, we expressed the view that the above quoted statute (section 55–2–13 ACLA 1949) should not be deleted but should be retained as law. At that time it was our tentative belief that section 55–2–13 was of a substantive nature so far as it related to the running of the statute of limitations.

Now that the point is before us in actual controversy, we conclude that section 55–2–13 should not have been retained in the statutes in the recodification process. Appellant was seeking redress for violation of a duty owed to her by appellees under the substantive law of torts. In order to obtain such redress, it was necessary for appellant to invoke the exercise of judicial power. The manner in which the exercise of judicial power may be invoked—initially by commencing a civil action in court—is a matter directly involved with court practice and procedure, the regulation of

---

7. See Vandevoir v. Southeastern Greyhound Lines, 152 F.2d 150, 152 (7th Cir. 1945), cert. denied 327 U.S. 789, 66 S.Ct. 811, 90 L.Ed. 1016 (1946); Goodman v. Fernald, 154 Or. 654, 61 P.2d 1253, 1256 (1936).

8. See Hukill v. Pacific and Arctic Ry. & Navigation Co., 159 F.Supp. 571, 573–574, 17 Alaska 498, 503 (D.Alaska 1958); Hoffman v. Wair, 193 F.Supp. 727, 733 (D.Or.1961); Yudin v. Carroll, 57 F. Supp. 793, 799 (W.D.Ark.1944); 2 Moore, Federal Practice ¶ 3.07 [4.—3–2], at 785 (1960).

9. AS 09.10.070, 09.10.010.

10. Civ.R. 4(a) provides: "Upon the filing of the complaint the clerk shall forthwith issue a summons and deliver it for service to a peace officer or to a person specially appointed to serve it."

11. AS 09.10.020, which appeared as § 55–2–13 ACLA 1949 when appellants filed their complaint in 1957.

12. See Foreword to Alaska Rules of Court Procedure and Administration (1963).

which has been committed to this court under the constitution.[13] Section 55–2–13, which provides how a civil action shall be commenced, attempts to regulate a matter of procedure which is within the province of this court, and is therefore ineffective.[14]

With respect to the manner of commencing a civil action as it may bear upon the time for commencing the action under a statute of limitations, we are not aware of any reason why Civil Rule 3 should not be controlling. We perceive no clear or overriding public policy within the realm of legislative authority which requires us to defer to the statutory provision and thus recognize that the period of limitations would continue to run during whatever time may elapse between the filing of the complaint, which is the act of commencing the action, and the further act of issuing a summons.

Diligence in procuring service of process is not involved in determining whether an action has been commenced. But it is involved where the question is whether an action, after its commencement, is subject to dismissal for failure to prosecute. Under the facts of this case diligence in obtaining service of the summons was so totally lacking that the court below was justified in entering judgment for appellees, which we consider for the purposes of this appeal as equivalent to ordering a dismissal for failure to prosecute under Civil Rule 41(b).

Appellant's complaint was filed on October 30, 1957. The summons was issued on the same day, but the record does not disclose whether or not it was delivered to a peace officer for service. On April 21, 1960 the action was dismissed without prejudice for lack of prosecution. Service of the summons had not yet been made. Reinstatement of the action was ordered on June 6, 1960. A supplemental summons was issued and service on both appellees was accomplished by July 5, 1960.

Two years and eight months elapsed between the time this action was commenced and the time that service of process was finally effected. During that entire period the appellee, Jack Marler, resided at Tok Lodge, the place where appellant was injured, and appellee, Erma Hart, resided in the Anchorage area, the place where this action was instituted. There is no question but that both appellees could have been served with process promptly after the action was commenced by the exercise of any degree of reasonable diligence. Appellant has produced nothing that would justify the unreasonable delay in acquiring jurisdiction over the appellees.

The court below had sufficient reason to dismiss the action for failure to prosecute. It was not necessary, as appellant contends, for appellees to show prejudice by reason of delay in service before a dismissal would be justified. The operative condition of Civil Rule 41(b) is lack of reasonable diligence on the part of appellant, and not a showing by appellees that they would be prejudiced if the action were not dismissed.[15] Prejudice or lack of it is a factor that may be considered by a court in a case of moderate or excusable neglect. But here the neglect on appellant's part was neither moderate nor excusable.

The judgment is affirmed.

13. Alaska Const. art. IV, § 15 provides: "The supreme court shall make and promulgate rules governing the administration of all courts. It shall make and promulgate rules governing practice and procedure in civil and criminal cases in all courts. These rules may be changed by the legislature by two-thirds vote of the members elected to each house."

14. Leege v. Martin, Opinion No. 131, 379 P.2d 447, 450–451 (Alaska 1963).

15. Messenger v. United States, 231 F.2d 328, 331 (2d Cir. 1956).