*Notice: This opinion is subject to correction before publication in the PACIFIC REPORTER. Readers are requested to bring errors to the attention of the Clerk of the Appellate Courts, 303 K Street, Anchorage, Alaska 99501, phone (907) 264-0608, fax (907) 264-0878, email corrections@appellate.courts.state.ak.us.*

THE SUPREME COURT OF THE STATE OF ALASKA

| | |
|---|---|
| AMERICAN MARINE CORPORATION ) | |
| d/b/a AMERICAN HYPERBARIC ) | |
| CENTER, ) | |
| ) | Supreme Court No. S-14299 |
| Appellant, ) | |
| ) | Superior Court No. 3AN-09-12353 CI |
| v. ) | |
| ) | O P I N I O N |
| CRYSTAL SHOLIN, Individually; and ) | |
| PUBLIC EMPLOYEES LOCAL 71 ) | |
| TRUST FUND, ) | |
| ) | No. 6755 - March 8, 2013 |
| Appellees. ) | |
| ) | |

Appeal from the Superior Court of the State of Alaska, Third Judicial District, Anchorage, Andrew Guidi, Judge.

Appearances: Jeffrey J. Waller, Holmes Weddle & Barcott, P.C., Anchorage, for Appellant. Sarah E. Josephson and Cheryl Mandala, Jermain Dunnagan & Owens, P.C., Anchorage, for Appellee Public Employees Local 71 Trust Fund. No appearance by Appellee Crystal Sholin.

Before: Carpeneti, Chief Justice, Winfree and Stowers, Justices. [Fabe, Justice, not participating.]

WINFREE, Justice.
STOWERS, Justice, dissenting.

## I. INTRODUCTION

A medical service provider filed but failed to serve a complaint against a former patient and her insurer. The superior court dismissed the complaint without prejudice for lack of service. Nearly a year later, the medical service provider filed a second complaint against the same parties. The superior court granted summary judgment dismissing that complaint, ruling that the medical service provider's claims were barred by the statute of limitations and that Alaska's savings statute, AS 09.10.240, did not apply because of failure to provide timely notice of the initial complaint. The medical service provider appeals. Because we conclude that AS 09.10.240 does not require timely notice of the initial complaint, we reverse the superior court's order granting summary judgment and remand for further proceedings.

## II. FACTS AND PROCEEDINGS

In 2005 American Marine Corporation d/b/a American Hyperbaric Center (American Hyperbaric) provided Crystal Sholin hyperbaric oxygen therapy treatments. Sholin was insured by Public Employees Local 71 Trust Fund (Trust Fund), administered by Zenith Administrators, Inc. (Zenith). American Hyperbaric asserts, but the Trust Fund disputes, that a Zenith representative gave American Hyperbaric oral authorization before Sholin was provided the treatments.

In June 2005 Zenith sent American Hyperbaric notice denying coverage for the treatments. American Hyperbaric requested reconsideration, and Zenith sent a second denial. Sholin appealed the denial to the Trust Fund, and the appeal was denied. In March 2006 American Hyperbaric sent Zenith a letter demanding payment for the treatments.

In February 2008 American Hyperbaric filed a complaint for breach of contract against Sholin and the Trust Fund, but did not serve either defendant. In December 2008 the superior court dismissed the case for lack of service under Alaska

Civil Rule 4(j).[1]  Nearly a year later American Hyperbaric refiled its complaint under Alaska's savings statute, AS 09.10.240,[2] and properly served Sholin and the Trust Fund.

The Trust Fund moved for summary judgment, arguing that American Hyperbaric's claims were time-barred.  The parties agreed that American Hyperbaric's first complaint was filed within the statute of limitations and its second complaint was not.  The Trust Fund argued that American Hyperbaric should not be allowed to rely on the savings statute when no effort at service had been made and the Trust Fund had no actual notice of the initial lawsuit until after the statute of limitations expired.  American Hyperbaric argued that the savings statute does not require notice of the initial complaint.

The superior court acknowledged that the savings statute requires only commencement of the initial suit, but ruled that plaintiffs still must be diligent in providing notice to defendants.  The court granted summary judgment to the Trust Fund, dismissed American Hyperbaric's claims, and entered final judgment in favor of the Trust Fund.

American Hyperbaric appeals.

III.  **STANDARD OF REVIEW**

We review a grant of summary judgment de novo and affirm "when there are no genuine issues of material fact, and the prevailing party . . . was entitled to

---

[1]  Alaska R. Civ. P. 4(j) (providing time limit for plaintiff to serve all defendants).

[2]  AS 09.10.240 provides in relevant part:

> If an action is commenced within the time prescribed and is dismissed upon the trial or upon appeal after the time limited for bringing a new action, the plaintiff . . . may commence a new action upon the cause of action within one year after the dismissal or reversal on appeal.

judgment as a matter of law."[3]  "We review de novo questions of law, including the interpretation of a statute, adopting the rule of law most persuasive in light of precedent, reason, and policy."[4]  Statutory interpretation begins with the plain meaning of the text, but it does not stop there.[5]  "Instead, we apply a sliding scale approach, where the plainer the statutory language is, the more convincing the evidence of contrary legislative purpose or intent must be."[6]

## IV.    DISCUSSION

American Hyperbaric argues that AS 09.10.240's plain language requires only that a plaintiff commence a suit by filing a complaint, and does not require timely notice to the defendants.  The Trust Fund responds that AS 09.10.240's purpose supports a notice requirement.

We begin with the plain meaning of AS 09.10.240.  The statute provides that a timely action dismissed other than on its merits may be refiled within one year of the initial action's dismissal.[7]  The initial action must be "commenced within the time

---

[3]      *Fraternal Order of Eagles v. City & Borough of Juneau*, 254 P.3d 348, 352 (Alaska 2011) (quoting *Rockstad v. Erikson*, 113 P.3d 1215, 1219 (Alaska 2005)).

[4]      *Toliver v. Alaska State Comm'n for Human Rights*, 279 P.3d 619, 622 (Alaska 2012) (quoting *Alaskans For Efficient Gov't, Inc. v. Knowles*, 91 P.3d 273, 275 (Alaska 2004)).

[5]      *State, Commercial Fisheries Entry Comm'n v. Carlson*, 270 P.3d 755, 762 (Alaska 2012).

[6]      *Id.* (quoting *Gov't Emps. Ins. Co. v. Graham-Gonzalez*, 107 P.3d 279, 284 (Alaska 2005)) (internal quotation and editing marks omitted).

[7]      *See Alderman v. Iditarod Props., Inc.*, 104 P.3d 136, 142 (Alaska 2004) (providing savings statute "applies to all actions that are dismissed at the trial or appellate level other than those dismissed on their merits" (citing *Smith v. Stratton*, 835 P.2d 1162,
(continued...)

prescribed,"[8] but the statute does not require notice or service of process as a prerequisite to refiling the action.[9] Civil Rule 3(a) provides that "[a] civil action is commenced by filing a complaint with the court."[10] Although Rule 4 "contemplates diligence in procuring service of process," it adds no condition to the commencement of an action.[11] Accordingly, the statute's plain meaning requires only the filing of an initial complaint, not notice or service of the filing.

We now consider the statute's intent. A savings statute's purpose is to facilitate resolution of suits on the merits.[12] This purpose supports the plain meaning interpretation of AS 09.10.240. We recognize a contrary interpretation is suggested from the notion that "if the primary purpose of the statute of limitations is to provide timely

---

[7]     (...continued)
1165 (Alaska 1992))).

[8]     AS 09.10.240.

[9]     *Cf.* OR. REV. STAT. § 12.220 (providing action may be refiled under Oregon's savings statute "if the defendant had actual notice of the filing of the original action not later than 60 days after the action was filed").

[10]     *See also Silverton v. Marler*, 389 P.2d 3, 6 (Alaska 1964) ("Diligence in procuring service of process is not involved in determining whether an action has been commenced.").

[11]     *Id.* at 5; *see also* Alaska R. Civ. P. 4(j) (requiring defendants be served within 120 days after complaint's filing).

[12]     *See, e.g.*, *Furnald v. Hughes*, 804 N.W.2d 273, 276 (Iowa 2011) ("The purpose of a savings statute is to prevent minor or technical mistakes from precluding a plaintiff from obtaining his day in court and having his claim decided on the merits."); *Hatley v. Truck Ins. Exch.*, 494 P.2d 426, 430 (Or. 1972) (describing purpose of Oregon's savings statute as "to avoid the bar of the statute of limitations for a diligent plaintiff whose timely action has been dismissed over his objection without a determination on the merits").

notice to the defendant to enable him to preserve and collect his evidence, service of that notice would constitute commencement of the [initial] suit."[13] But although a statute-of-limitations defense is legitimate, the defense "is not generally favored by the courts."[14] And our general policy is to broadly construe the rules of procedure to adjudicate disputes on the merits.[15] Accordingly, we conclude that AS 09.10.240's purpose supports its plain meaning — mere filing of the initial action without notice or service of process is sufficient.[16]

The superior court found equitable tolling requirements to be "important in construing" AS 09.10.240; we disagree. The equitable tolling doctrine is applicable

---

[13] WILLIAM D. FERGUSON, THE STATUTES OF LIMITATION SAVING STATUTES 80 (1978); *see also Kulinski v. Medtronic Bio-Medicus, Inc.*, 577 N.W.2d 499, 504 (Minn. 1998) ("Because a savings statute represents an exception to statutes of limitations, we agree that a key to determining whether a subsequent action is saved is whether by invoking judicial aid in the original action, a litigant has given timely notice to his adversary of a present purpose to maintain his rights before the courts." (quoting *Gaines v. City of New York*, 109 N.E. 594, 596 (N.Y. 1915)) (internal quotation and editing marks omitted)).

[14] *Jarvill v. Porky's Equip., Inc.*, 189 P.3d 335, 340 (Alaska 2008) (quoting *Safeco Ins. Co. of Am. v. Honeywell, Inc.*, 639 P.2d 996, 1001 (Alaska 1981)).

[15] *Farmer v. State*, 788 P.2d 43, 48 n.15 (Alaska 1990).

[16] The dissent focuses on perceived prejudice to the Trust Fund in this particular case to conclude that notice of an initial complaint should always be a necessary predicate to later reliance on AS 09.10.240. According to the Trust Fund, the Zenith employee who engaged in discussions with American Hyperbaric had not worked for Zenith for three years and had not been located by the time of its motion for summary judgment. We note that demand for payment had been made over a year before the employee left Zenith, and even if American Hyberbaric had given notice of the initial complaint to Zenith and the Trust Fund, that notice would have come after the employee left Zenith's employment; it also seems unlikely that the employee would not ultimately be found given the available resources for locating people. We believe the alleged prejudice in this case is insufficient to create the general rule advocated by the dissent.

"when a plaintiff has multiple legal remedies available" so that "[c]ourts will not force a plaintiff to simultaneously pursue two separate and duplicative remedies."[17]  In contrast, AS 09.10.240 allows a plaintiff to commence a second action pursuing the same remedy for the same cause of action.  While both toll a statute of limitations, they apply in distinct situations.  Accordingly, we refuse to graft the equitable tolling doctrine's common-law requirements onto AS 09.10.240's statutory requirements.

## V.    CONCLUSION

We REVERSE the superior court's summary judgment order and remand for further proceedings.

---

[17]     *Gudenau & Co. v. Sweeney Ins., Inc.*, 736 P.2d 763, 768 (Alaska 1987).

STOWERS, Justice, dissenting.

I respectfully dissent from the court's opinion. The court concludes that Alaska's savings statute, AS 09.10.240, does not require timely notice of the initial complaint to be served on the defendant. I believe that timely notice is required, and I would affirm the superior court's grant of summary judgment for the reasons that follow.

The court correctly observes that other courts have determined that "[b]ecause a savings statute represents an exception to statutes of limitation, . . . a key to determining whether a subsequent action is saved is whether by invoking judicial aid in the original action, a litigant has given timely notice to his adversary of a present purpose to maintain his rights before the courts."[1] The court also cites to Professor Ferguson's *The Statutes of Limitation Saving Statutes*[2] which explains that "courts in applying the saving statute should do so in accordance with the basic purpose of the statutes of limitations" and "[t]he saving statute is a part of the law of limitations of action and, therefore, should be construed and applied in accordance with the primary policy of the statutes of limitation."[3]

After conducting an historical analysis of the origin and purposes of statutes of limitation, Professor Ferguson identifies three possible purposes or interests underlying the statutes of limitations: the public's interest, the plaintiff's interest, and the defendant's interest. Ferguson first concludes that the public's interest in suits being timely brought is valid but not of substantial weight (apart from real property actions):

---

[1]  Slip Op. at 6 n.13 (quoting *Kulinski v. Medtronic Bio-Medicus, Inc.*, 577 N.W.2d 499, 504 (Minn. 1998) (quoting *Gaines v. City of New York*, 109 N.E. 594, 596 (N.Y. 1915))).

[2]  Slip Op. at 6 n.13 (citing WILLIAM D. FERGUSON, THE STATUTES OF LIMITATION SAVING STATUTES 80 (1978) (hereafter "Ferguson")).

[3]  Ferguson at 5.

> Of course, the public has an interest that suits be promptly brought and controversy should be ended either by suit or by time. But such a vague value can hardly be weighed in the scales of justice *vis-a-vis* the interests of the parties. It therefore is difficult to find any persuasive reason to conclude that the statute enacted was for the benefit of the public except as to real property actions where that interest should be given some consideration.[4]

Ferguson next rejects that the plaintiff's interest should be given any significant weight, explaining:

> Although the public interest is entitled to be given some weight, it is doubtful that any support can be found for adopting the statutes to compel plaintiffs to sue promptly. If only the plaintiff is considered and the interests of the defendant and public excluded, there is nothing to recommend a coercion for coercion's sake purpose. If plaintiff wished to assume the risk that his witnesses would die or his evidence be lost, it does not seem appropriate to say he cannot run that risk.[5]

Finally, Ferguson identifies the true purpose underlying the statutes of limitations: to protect the defendant's interest.

> The only other interest involved is that of the defendant. The defendant, unlike the plaintiff, has no control over the bringing of the action and thus no chance to avoid the risk of the death of witnesses or the loss of evidence. . . .
>
> . . .
>
> [I]t logically appears that the primary purpose of the statutes was to protect defendant against loss of witnesses and evidence and to protect his acts in reasonable reliance on plaintiff's inaction. The public interest was furthered by the

---

4    *Id*. at 41.

5    *Id*. at 42.

protection of the defendant's interest and should not be permitted to override those interests. The interest in fair and equal justice could be served only by assuring defendants that suit would be commenced before witnesses and evidence were lost. . . . Likewise, the purpose of compelling plaintiff to bring suit is really only valid as it relates to the protection of defendant's interests. Coercion for the sake of coercion is invalid but coercion to protect others from the harm resulting from plaintiff's propensity to delay suit has meaning and is valid.[6]

These considerations are clearly illustrated in the case at bar. The superior court determined that the defendant would be prejudiced by plaintiff's delay in filing suit because a critical witness (an employee who allegedly entered into the oral contract with plaintiff) had not worked for the employer in over three years and had not been located. The plaintiff, appellant herein, does not challenge this ruling and it is supported by affidavits submitted with the defendant's motion for summary judgment. Thus the court was faced with a situation where the plaintiff filed suit, but failed to serve the defendant within the statute of limitations, and then sought to revive its action by relying on the savings statute, even though plaintiff's delay actually prejudiced the defendant's ability to present its defense.[7]

The superior court interpreted the savings statute in light of its purpose, reasoning that its purpose was to provide an exception to the statute of limitations for the *diligent* plaintiff whose *timely* action was dismissed without reaching the merits of the action: The court concluded, "In light of the purpose of the statute, a party who wishes to invoke the savings statute to save his action still must be diligent, and diligence

---

**6**     *Id*. at 42-44.

**7**     The court attempts to avoid this *uncontested finding* of prejudice by engaging in its own weighing of the evidence, which is inappropriate for an appellate court to do. Slip Op. at 6 n.16.

requires notice to opposing parties." I believe the superior court's analysis is exactly right and this court is wrong in reversing the superior court.

This court relies on truisms to avoid dealing with the real purposes of the statute of limitations and the savings statute. The court says that the statute's purpose is "to facilitate resolution of suits on the merits,"[8] which is to say that its purpose is remedial; that the statute of limitations defense is not favored by the courts;[9] and that it is our general policy to broadly construe rules of procedure to adjudicate disputes on the merits.[10] This is all well and good, but it is neither analytical nor persuasive. As Professor Ferguson explains:

> To say, as some courts have, that the statute is remedial is to state the obvious but sheds little light on what it is that is being remedied and why the remedy is appropriate. Others have identified the purpose as being to protect plaintiffs against the loss of their causes of action because of technical matters of procedure and matters of form. This sounds fine but may lead to some questionable extensions where the purpose of the statute of limitations has not been satisfied, *e.g.*, the defendant did not receive notice within the limitation period. Others have said the same thing by concluding it was the purpose of the legislature to insure trial on the merits. This likewise may turn out to be too broad in some instances for failure to look at the purpose of the procedural rule which caused plaintiff's downfall.
>
> . . .
>
> Some of the courts have, however, looked to the purpose of the statutes of limitations as the savings statutes relate thereto and have looked to see whether or not

---

[8]     Slip Op. at 5.

[9]     *Id*. at 6.

[10]     *Id*.

defendant received notice of the claim within the period of limitations. The position taken by Judge Cardozo in one of the leading and most frequently cited cases, *Gaines v. City of New York*, stands as strong a beacon to guide others in the interpretation of a saving statute:

> The statute is designed to insure to the diligent suitor the right to a hearing in court till he reaches a judgment on the merits. Its broad and liberal purpose is not to be frittered away by any narrow construction. The important consideration is that, by invoking judicial aid, a litigant gives timely notice to his adversary of a present purpose to maintain his rights before the courts.[11]

Because plaintiff in this case was not diligent and failed to give timely notice to the defendant — which predictably caused prejudice to the defendant through loss of a witness and evidence — I conclude that the purposes underlying both the statute of limitations and the savings statute are not advanced by permitting plaintiff to invoke the savings statute to revive its action. I would affirm the superior court's ruling denying the plaintiff its plea to invoke the savings statute.

---

[11] Ferguson at 56-58 (quoting *Gaines v. City of New York*, 109 N.E. 594, 596 (N.Y. 1915) (other citations omitted)).