OPINION
WINFREE, Justice.
I. INTRODUCTION
A medical service provider filed but failed to serve a complaint against a former patient and her insurer. The superior court dismissed the complaint without prejudice for lack of service. Nearly a year later, the medical service provider filed a second complaint against the same parties. The superi- or court granted summary judgment dismissing that complaint, ruling that the medical service provider's claims were barred by the statute of limitations and that Alaska's savings statute, AS 09.10.240, did not apply because of failure to provide timely notice of the initial complaint. The medical service provider appeals. Because we conclude that AS 09.10.240 does not require timely notice of the initial complaint, we reverse the superior court's order granting summary judgment and remand for further proceedings.
II. FACTS AND PROCEEDINGS
In 2005 American Marine Corporation d/b/a American Hyperbaric Center (Ameri-ean Hyperbaric) provided Crystal Sholin hy-perbarie oxygen therapy treatments. Sholin was insured by Public Employees Local 71 Trust Fund (Trust Fund), administered by Zenith Administrators, Inc. (Zenith). American Hyperbaric asserts, but the Trust Fund disputes, that a Zenith representative gave American Hyperbaric oral authorization before Sholin was provided the treatments.
In June 2005 Zenith sent American Hy-perbaric notice denying coverage for the treatments. American Hyperbarie requested reconsideration, and Zenith sent a second denial. Sholin appealed the denial to the Trust Fund, and the appeal was denied. In March 2006 American Hyperbaric sent Zenith a letter demanding payment for the treatments.
In February 2008 American Hyperbaric filed a complaint for breach of contract against Sholin and the Trust Fund, but did not serve either defendant. In December *926 2008 the superior court dismissed the case for lack of service under Alaska Civil Rule 4(j).[1] Nearly a year later American Hyper-baric refiled its complaint under Alaska's savings statute, AS 09.10.240,[2] and properly served Sholin and the Trust Fund.
The Trust Fund moved for summary judgment, arguing that American Hyperbarie's claims were time-barred. - The parties agreed that American Hyperbarics first complaint was filed within the statute of limitations and its second complaint was not. The Trust Fund argued that American Hy-perbaric should not be allowed to rely on the savings statute when no effort at service had been made and the Trust Fund had no actual notice of the initial lawsuit until after the statute of limitations expired. American Hy-perbaric argued that the savings statute does not require notice of the initial complaint.
The superior court acknowledged that the savings statute requires only commencement of the initial suit, but ruled that plaintiffs still must be diligent in providing notice to defendants. The court granted summary judgment to the Trust Fund, dismissed American Hyperbaric's claims, and entered final judgment in favor of the Trust Fund. '
American Hyperbaric appeals.
III. STANDARD OF REVIEW
We review a grant of summary judgment de novo and affirm "when there are no genuine issues of material fact, and the prevailing party ... was entitled to judgment as a matter of law."[3] "We review de novo questions of law, including the interpretation of a statute, adopting the rule of law most persuasive in light of precedent, reason, and policy."[4] Statutory interpretation begins with the plain meaning of the text, but it does not stop there.[5] "Instead, we apply a sliding seale approach, where the plainer the statutory language is, the more convincing the evidence of contrary legislative purpose or intent must be." [6]
IV. DISCUSSION
American Hyperbaric argues that AS 09.10.240's plain language requires only that a plaintiff commence a suit by filing a complaint, and does not require timely notice to the defendants. The 'Trust Fund responds that AS 09.10.240's purpose supports a notice requirement.
We begin with the plain meaning of AS 09.10.240. The statute provides that a timely action dismissed other than on its merits may be refiled within one year of the initial action's dismissal.[7] The initial action must be "commenced within the time prescribed," [8] but the statute does not require notice or service of process as a prerequisite to refiling the action.[9] Civil Rule 8(a) provides that "[al civil action is commenced by filing a complaint with the court." [10] Although Rule 4 *927 "contemplates diligence in procuring service of process," it adds no condition to the commencement of an action.[11] Accordingly, the statute's plain meaning requires only the filing of an initial complaint, not notice or service of the filing.
We now consider the statute's intent. A savings statute's purpose is to facilitate resolution of suits on the merits.[12] This purpose supports the plain meaning interpretation of AS 09.10.240. We recognize a contrary interpretation is suggested from the notion that "if the primary purpose of the statute of limitations is to provide timely notice to the defendant to enable him to preserve and collect his evidence, service of that notice would constitute commencement of the [initial] suit.[13] But although a statute-of-limitations defense is legitimate, the defense "is not generally favored by the courts." [14] And our general policy is to broadly construe the rules of procedure to adjudicate disputes on the merits.[15] Accordingly, we conclude that AS 09.10.240's purpose supports its plain meaning-mere filing of the initial action without notice or service of process is sufficient.[16]
The superior court found equitable tolling requirements to be "important in construing" AS 09.10.240; we disagree. The equitable tolling doctrine is applicable "when a plaintiff has multiple legal remedies available" so that "[eJourts will not force a plaintiff to simultaneously pursue two separate and duplicative remedies." [17] In contrast, AS 09.10.240 allows a plaintiff to commence a second action pursuing the same remedy for the same cause of action. While both toll a statute of limitations, they apply in distinet situations. Accordingly, we refuse to graft the equitable tolling doctrine's common-law requirements onto AS 09.10.240's statutory requirements.
V. CONCLUSION
We REVERSE the superior court's summary judgment order and remand for further proceedings.
FABE, Justice, not participating.
STOWERS, Justice, dissenting.

. Alaska R. Civ. P. 4G) (providing time limit for plaintiff to serve all defendants).

. AS 09.10.240 provides in relevant part:
If an action is commenced within the time prescribed and is dismissed upon the trial or upon appeal after the time limited for bringing a new action, the plaintiff ... may commence a new action upon the cause of action within one year after the dismissal or reversal on appeal.

. Fraternal Order of Eagles v. City & Borough of Juneau, 254 P.3d 348, 352 (Alaska 2011) (quoting Rockstad v. Erikson, 113 P.3d 1215, 1219 (Alaska 2005).

. Toliver v. Alaska State Comm'n for Human Rights, 279 P.3d 619, 622 (Alaska 2012) (quoting Alaskans For Efficient Gov't, Inc. v. Knowles, 91 P.3d 273, 275 (Alaska 2004)).

. State, Commercial Fisheries Entry Comm'n v. Carlson, 270 P.3d 755, 762 (Alaska 2012).

. Id. (quoting Gov't Emps. Ins. Co. v. Graham-Gonzalez, 107 P.3d 279, 284 (Alaska 2005)) (internal quotation and editing marks omitted).

. -See Alderman v. Iditarod Props., Inc., 104 P.3d 136, 142 (Alaska 2004) (providing savings statute "applies to all actions that are dismissed at the trial or appellate level other than those dismissed on their merits" (citing Smith v. Stratton, 835 P.2d 1162, 1165 (Alaska 1992))).

. AS 09.10.240.

. Cf. OrRev.Stat. § 12.220 (providing action may be refiled under Oregon's savings statute ""if the defendant had actual notice of the filing of the original action not later than 60 days after the action was filed").

. See also Silverton v. Marler, 389 P.2d 3, 6 (Alaska 1964) ("Diligence in procuring service of process is not involved in determining whether an action has been commenced.").

. Id. at 5; see also Alaska R. Civ. P. (requiring defendants be served within 120 days after complaint's filing).

. See, eg., Furnald v. Hughes, 804 N.W.2d 273, 276 (Iowa 2011) ('The purpose of a savings statute is to prevent minor or technical mistakes from precluding a plaintiff from obtaining his day in court and having his claim decided on the merits."); Hatley v. Truck Ins. Exch., 261 Or. 606, 494 P.2d 426, 430 (1972) (describing purpose of Oregon's savings statute as "to avoid the bar of the statute of limitations for a diligent plaintiff whose timely action has been dismissed over his objection without a determination on the merits").

. - Wirrram D. Fercuson, THE Statutes or Limitation Saving Statutes 80 (1978); see also Kulinski v. Medtronic Bio-Medicus, Inc., 577 N.W.2d 499, 504 (Minn.1998) ("Because a savings statute represents an exception to statutes of limitations, we agree that a key to determining whether a subsequent action is saved is whether by invoking judicial aid in the original action, a litigant has given timely notice to his adversary of a present purpose to maintain his rights before the courts." (quoting Gaines v. City of New York, 215 N.Y. 533, 109 N.E. 594, 596 (1915)) (internal quotation and editing marks omitted)).

. Jarvill v. Porky's Equip., Inc., 189 P.3d 335, 340 (Alaska 2008) (quoting Safeco Ins. Co. of Am. v. Honeywell, Inc., 639 P.2d 996, 1001 (Alaska 1981).

. Farmer v. State, 788 P.2d 43, 48 n. 15 (Alaska 1990).

, The dissent focuses on perceived prejudice to the Trust Fund in this particular case to conclude that notice of an initial complaint should always be a necessary predicate to later reliance on AS 09.10.240. According to the Trust Fund, the Zenith employee who engaged in discussions with American Hyperbaric had not worked for Zenith for three years and had not been located by the time of its motion for summary judgment. We note that demand for payment had been made over a year before the employee left Zenith, and even if American Hyberbaric had given notice of the initial complaint to Zenith and the Trust Fund, that notice would have come after the employee left Zenith's employment; it also seems unlikely that the employee would not ultimately be found given the available resources for locating people. We believe the alleged prejudice in this case is insufficient to create the general rule advocated by the dissent.

. - Gudenau & Co. v. Sweeney Ins., Inc., 736 P.2d 763, 768 (Alaska 1987).